23CA1940 Marriage of Parkhurst 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1940
Douglas County District Court No. 22DR30412
Honorable Charles M. Pratt, Judge

In re the Marriage of

Pamela S. Parkhurst,

Appellee,

and

Gary L. Parkhurst,

Appellant.

JUDGMENT REVERSED IN PART AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE PAWAR
Harris and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Faegre Drinker Biddle & Reath, LLP, Mechelle Y. Faulk, Denver, Colorado, for
Appellee

Law Office of Alexandra White, PC, Michael L. Cheroutes, Jr., Centennial,
Colorado, for Appellant

¶ 1    Gary L. Parkhurst (husband) appeals the maintenance award entered in connection with the dissolution of his marriage to Pamela S. Parkhurst (wife). We conclude that the district court erred by failing to make some of the statutorily required findings in awarding maintenance. We therefore reverse the maintenance award and remand for further proceedings.

## I.    Background

¶ 2    Husband and wife married in 2005 and since at least 2017 ran a real estate business together in Colorado. Wife filed the petition for dissolution of the marriage in June 2022. Shortly thereafter, she moved to Mexico. After a hearing, the district court dissolved the parties' marriage and entered permanent orders. At the permanent orders hearing in 2023, wife testified that she had obtained her real estate license in Mexico and a job with a real estate firm.

¶ 3    The permanent orders included an award of maintenance to wife. Husband argues that this award was error for various reasons, including that the court failed to make multiple findings required by statute. We agree.

1

## II. Maintenance

¶ 4     We review a district court's maintenance award for an abuse of discretion. *In re Marriage of Tooker*, 2019 COA 83, ¶ 12. A court abuses its discretion if it awards maintenance without making statutorily required findings. *See In re Marriage of Wright*, 2020 COA 11, ¶¶ 19, 23.

¶ 5     Section 14-10-114(3), C.R.S. 2024, sets out the process courts must follow and the findings they must make when considering a maintenance request. In the first step,

> the court shall make initial written or oral findings concerning:
>
> (A) The amount of each party's gross income;
>
> (B) The marital property apportioned to each party;
>
> (C) The financial resources of each party, including but not limited to the actual or potential income from separate or marital property;
>
> (D) Reasonable financial need as established during the marriage; and
>
> (E) Whether maintenance awarded pursuant to this section would be deductible for federal income tax purposes by the payor and taxable income to the recipient.

2

§ 14-10-114(3)(a)(I).

¶ 6     We agree with husband that the district court abused its discretion by failing to make any findings that satisfied the last two of these requirements. The court explained that wife had income of $5,400 per month from various assets and that husband's income from his real estate business was $18,000 per month. The court then implied that wife did not have any income from employment, stating that her sworn financial statement listed income primarily from the real estate business she had left behind in Colorado. Without making any additional relevant findings, the court awarded wife $2,970 per month in maintenance for nine years.

¶ 7     We are aware of no written or oral findings about wife's reasonable financial need or the federal tax implications of a maintenance award. The court referenced wife's sworn financial statement only in discussing her income, not her expenses that would demonstrate her reasonable financial need. And to the extent that document contains a statement of wife's expenses, they are expenses from when she lived in Colorado and therefore shed no light on her reasonable financial need once she moved to Mexico.

¶ 8     Because the district court failed to make the required findings set out in section 14-10-114(3)(a)(I)(D) and (E), we must reverse the maintenance award.  In doing so, we need not address husband's additional challenges to the award.  Maintenance is based on the parties' financial circumstances at the time the order is entered, so the court's maintenance determination on remand will be based on the parties' current circumstances.  *See Wright*, ¶ 24.  Accordingly, any further argument about what the court got right or wrong about the parties' financial circumstances at the time of permanent orders in 2023 is effectively moot.

¶ 9     Because it may arise on remand, we also remind the court that although specific factual findings on every factor listed in section 14-10-114(3)(c) are not required, the court must nevertheless "make sufficiently explicit findings of fact to give the appellate court a clear understanding of the basis of its order." *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9.  A generalized statement that it considered the statutory factors is insufficient.  *See Wright*, ¶ 20.

¶ 10    Finally, because we reverse the maintenance award, we reject wife's request for attorney fees and costs incurred in this appeal.

### III.    Disposition

¶ 11    The portion of the judgment regarding maintenance is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE HARRIS and JUDGE GROVE concur.